[Cite as *Clark v. Clark*, 2017-Ohio-1247.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| AMBER M. CLARK<br>NKA MATTOX | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | Hon. Craig R. Baldwin, J. |
| -vs- | |
| BART CLARK, ET AL. | Case No. 16-CA-15 |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Fairfield County Court of
Common Pleas, Domestic Relations
Division, Case No. 13 DR 204

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    April 3, 2017

APPEARANCES:

For Plaintiff-Appellant

BARRY H. WOLINETZ
DENNIS E. HORVATH
250 Civic Center Drive, Suite 220
Columbus, Ohio 43215

For Defendants-Appellees

BART CLARK, ET AL.
PRO SE
Bart Clark and Keri Clark
P.O. Box 1121
Lancaster, Ohio 43130

*Hoffman, J.*

**{¶1}** Plaintiff-appellant Amber M. Clark, nka Mattox, appeals the April 12, 2016 Judgment Entry entered by the Fairfield County Court of Common Pleas, Domestic Relations Division, which granted custody of her minor daughter to defendants-appellees Bart Clark and Keri Clark.

STATEMENT OF THE CASE AND FACTS

**{¶2}** Appellant is the biological mother of S.C. (dob 8/15/07). Appellees are Appellant's parents and S.C.'s maternal grandparents. Appellant was 18 years old when she became pregnant with S.C. Appellant was financially unable to support herself and her baby, so she and S.C. initially resided with Appellees in their Colorado home.

**{¶3}** In March, 2008, Appellees moved to Wyoming, taking S.C. with them. Appellant chose to remain in Colorado, and gave temporary custody of S.C. to Appellees. Appellees moved to Virginia in August, 2009. On April 30, 2010, Appellees filed a Petition for legal custody of S.C. in the Lexington/Rockbridge Juvenile and Domestic Relations District Court, Juvenile Division, State of Virginia. Notice of the petition was served on Appellant through an Order of Publication posted on the courthouse door. Via Order for Custody/Visitation Granted to Individual(s) filed August 19, 2010, Appellees were granted custody of S.C. Appellees subsequently moved to Ohio.

**{¶4}** On May 6, 2013, Appellant filed a motion to modify parental rights and responsibilities in the Fairfield County Court of Common Pleas, Domestic Relations Division. On June 27, 2013, Appellees filed a consent to jurisdiction and multiple-branch motion, in which they moved the trial court to dismiss Appellant's motion, or, in the

alternative, deny Appellant's motion. Appellees also requested Appellant only be allowed supervised visitation, sought child support and reimbursement of medical expenses, and asked for any other relief the trial court deemed appropriate. The trial court appointed Attorney Jessica Mongold as guardian ad litem for S.C.

{¶5} The trial court conducted a settlement conference on December 19, 2013. The parties agreed, and the trial court ordered, Appellant and S.C. engage in Skype sessions at the discretion and direction of the guardian ad litem, and Appellees immediately enroll S.C. in counseling. December 19, 2013 Memorandum Entry and December 30, 2013 Agreed Temporary Order.

{¶6} A settlement/guardian ad litem conference was held on July 30, 2014, at which time the parties agreed Appellees would enroll S.C. in public school for the 2014-2015 school year; Appellant would be entitled to attend all school-related activities and parent-teacher conferences and be entitled to school records related to S.C.; Appellant would have supervised visitation with S.C. on alternating Saturdays; and the parties would continue joint therapy and S.C. would continue counseling. July 30, 2014 Memorandum Entry and August 11, 2014 Agreed Interim Order. The trial court conducted a number of additional settlement conferences throughout the proceedings which resulted in additional agreed orders regarding counseling and visitation.

{¶7} On June 26, 2015, Appellees filed a pro se motion to vacate settlement, motion to dismiss the case, and motion to dismiss the guardian ad litem. On July 15, 2015, the guardian ad litem filed a memorandum regarding temporary orders and other requests set for non-oral hearing. Therein, the guardian recommended a phase-in schedule for unsupervised visitation between Appellant and S.C.

{¶8}   On July 15, 2015, Appellees filed a pro se supplemental affidavit in support of their June 26, 2015 motion.  Appellees filed an Affidavit and Official Written Complaint against the guardian ad litem on August 3, 2015.  The guardian subsequently filed a motion to withdraw and requested the appointment of a new guardian.  The trial court granted the guardian's motion to withdraw via Entry filed August 17, 2015.  Appellant filed a motion to convert one day bench trial to status conference and appoint a new guardian ad litem on September 8, 2015.  The trial court denied the motion the following day.

{¶9}   The matter came on for trial on September 9, October 16, October 21, and November 2, 2015.  The parties filed written closing arguments on November 16, 2015.  Via Judgment Entry filed April 12, 2016, the trial court ordered Appellees remain the legal custodians of S.C., continued supervised visitation between Appellant and S.C., and ordered Appellant to pay the minimum child support obligation.

{¶10} It is from that judgment entry Appellant appeals, raising the following assignments of error:


I. THE TRIAL COURT ERRED IN NOT MAKING A DETERMINATION AS TO MOTHER'S SUITABILITY AND DENIED MOTHER'S RIGHT TO A FUNDAMENTALLY FAIR TRIAL. 4/12/16 JUDGMENT ENTRY.

II. THE TRIAL COURT ERRED WHEN IT ALLOWED THE GUARDIAN AD LITEM TO WITHDRAW AND DID NOT APPOINT A NEW GUARDIAN AD LITEM. 8/17/15, 9/9/15 AND 4/12/16 JUDGMENT ENTRIES.

III. THE TRIAL COURT ERRED WHEN IT AWARDED CUSTODY TO GRANDPARENTS PURSUANT TO R.C. 3109.04. 4/12/16 JUDGMENT ENTRY.

IV. THE TRIAL COURT ERRED WHEN IT ORDERED LIMITED, SUPERVISED VISITATION TO MOTHER. 4/12/16 JUDGMENT ENTRY.

V. THE TRIAL COURT ERRED WHEN IT AWARDED CHILD SUPPORT TO GRANDPARENTS. 4/12/16 JUDGMENT ENTRY.

II

**{¶11}** For ease of discussion, we shall address Appellant's assignments of error out of order. In her second assignment of error, Appellant contends the trial court erred in allowing the guardian ad litem to withdraw then failing to appoint a new guardian. We agree.

**{¶12}** On August 6, 2015, the guardian ad litem filed a motion to withdraw due to difficulties in dealing with Appellees. The trial court granted the guardian's motion. Appellant subsequently moved the trial court to convert the one day bench trial to a status conference, and requested the appointment of a new guardian ad litem. The trial court denied both requests without stating a reason for its decision. The matter proceeded to trial. The guardian ad litem did not file a report or testify at trial.

**{¶13}** The trial court initially appointed the guardian ad litem pursuant to Civ. R. 75(B)(2), which provides for the joinder of parties and the appointment of a guardian "[w]hen it is essential to protect the interests of a child." We find the reasons which necessitated the appointment of the guardian at the commencement of the action

remained after the guardian moved to withdraw.  Accordingly, we find the trial court should have appointed a new guardian when so requested by Appellant.

{¶14} Based upon the foregoing, we reverse the trial court's decision denying Appellant's request for the appointment of a new guardian and remand to the trial court for appointment of a new guardian.  Upon completion of the new guardian's investigation/report, the trial court is instructed to reopen the hearing, and hear testimony limited to the guardian's findings/recommendations.  The trial court shall then reissue its decision on the merits.

{¶15} Appellant's second assignment of error is sustained.

V.

{¶16} In her fifth assignment of error, Appellant contends the trial court erred in awarding child support to Appellees.

{¶17} In its April 12, 2016 Judgment Entry, the trial court made the following findings with regard to child support:

104. The Court will not impute any income to [Appellant] at this time given the evidence presented herein, and due to the fact that [Appellant] was in the late stages of pregnancy at the time of the hearing.

* * *

106. [Appellee] Keri Clark testified [S.C.] receives medical insurance through Molina, and not through a private plan, because grandparents are raising [S.C.].

* * *

108. The Court finds that it is appropriate that [Appellant] should pay the minimum child support obligation for [S.C.] at this time.

109. The Child Support Worksheet is attached hereto as Exhibit A. According to the Child Support Worksheet, [Appellant's] minimum child support obligation when no private medical insurance is provided is $50.00 per month, plus processing charge. April 12, 2016 Judgment Entry.

{¶18} The trial court then ordered child support as follows:

18. Effective September 9, 2015, Child Support is ordered as follows:

A. When private health insurance is being provided in accordance with the support order, Obligor, Plaintiff Amber Clark, shall pay $50.00 per month, plus 2% processing charge for current child support. This child support obligation becomes effective on the first day of the month in which private health insurance coverage for the child is provided in accordance with the order.

At this time, the child is being covered by a private health insurance policy. Obligor's current child support is therefore $897.38 per month, plus processing charge.

B.    When private health insurance is not being provided in accordance with the support order, Obligor shall pay $50.00 per month, plus 2% processing charge for current child support. This child support obligation becomes effective on the first day of the month following the

month in which private health insurance coverage for the child is unavailable or terminates.

In addition, when private health insurance is not being provided in accordance with the support order, Obligor shall pay $0.00 per month, plus 2% processing charge for cash medical support, as provided above. This cash medical support obligation becomes effective on the first day of the month in which private health insurance for the child is unavailable or terminates. Obligor shall cease paying cash medical support on the last day of the month immediately preceding the month in which private health insurance coverage begins or resumes. April 12, 2016 Judgment Entry.

{¶19} We find the child support order is inconsistent on its face. As noted above, the trial court found it was appropriate for Appellant to pay the minimum amount of child support. April 12, 2016 Judgment Entry at 16. The trial court added, "According to the Child Support Worksheet, [Appellant's] minimum child support obligation when no private medical insurance is provided is $50.00 per month, plus processing charge." *Id.* The trial court specifically found S.C. receives health insurance through Molina, "not through a private plan". However, the trial court later noted, "At this time, the child is being covered by a private health insurance policy." *Id.* at 16, 20. Having found S.C. is covered by a private health insurance policy, the trial court ordered Appellant to pay $50.00/month, plus 2% processing charge for current child support. *Id.* at 20. Two sentences later, the trial court declared, "At this time, the child is being covered by a private health insurance

policy. Obligor's current child support is therefore $897.38 per month, plus processing charge." *Id.*

**{¶20}** In their brief to this Court as well as at oral arguments in this matter, Appellees concede the child support order is inconsistent. Because of these inconsistencies, we vacate the portion of the April 12, 2016 Judgment Entry which addresses child support and remand to the trial court for clarification.

**{¶21}** Appellant's fifth assignment of error is sustained.

I, III, IV

**{¶22}** Based upon our disposition of Appellant's second assignment of error, we find Appellant's first, third, and fourth assignments of error to be premature.

**{¶23}** The judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is reversed and the matter remanded for further proceedings consistent with this Opinion and the law.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur